Magistrate Judge David W. Christel

FILED ____ LODGED
____ RECEIVED
JUL 01 2016
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff

v.

PATRICK C. GORDON,

Defendant.

NO. MJ16-5117

COMPLAINT FOR VIOLATION
Title 18, U.S.C., Sections 2252(a)(4)(B)
and 2252(b)(2)

BEFORE, David W. Christel, United States Magistrate Judge, U.S. Courthouse, Tacoma, Washington.

The undersigned complainant being duly sworn states:

## COUNT ONE

**(Possession of Visual Depictions of Minors Engaging in Sexually Explicit Conduct)**

Beginning on a date unknown, and continuing up until May 4, 2016, at Centralia, within the Western District of Washington and elsewhere, the defendant, PATRICK C. GORDON, did knowingly possess matter that contained visual depictions the production of which involved the use of minors engaging in sexually explicit conduct, and the visual depictions were of such conduct, that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which had been produced using materials that had

COMPLAINT GORDON - 1
USAO# 2016R00677

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

The complainant states that this Complaint is based on the following information:

I, GABRIEL A. STAJDUHAR, a Special Agent with Homeland Security Investigations, Tacoma, Washington, having been duly sworn, state as follows:

## INTRODUCTION

1. I am a Special Agent with United States Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), assigned to the Tacoma office of the Office of the Special Agent in Charge for Seattle, Washington. I have been an agent with HSI since 2006. As part of my duties, I investigate criminal violations relating to child exploitation and child pornography, including the production, distribution, receipt, and possession of child pornography and material involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2251, 2252, and 2252A. I am a graduate of the Federal Law Enforcement Training Center (FLETC), ICE Special Agent Training Program, and have received further specialized training in investigating child pornography and child exploitation crimes. Through the course of my duties I have observed and reviewed examples of child pornography (as defined in 18 U.S.C. § 2256(8)). I have participated in the execution of previous search warrants that involved child exploitation and/or child pornography offenses and the search and seizure of computers and other digital devices. I am a member of the Seattle Internet Crimes Against Children (ICAC) Task Force in the Western District of Washington, and work with other federal, state, and local law enforcement personnel in the investigation and prosecution of crimes involving the sexual exploitation of children. I am designated by my employing agency, DHS/HSI, as a subject matter expert in the field of child exploitation.

COMPLAINT GORDON - 2
USAO# 2016R00677

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

2. The facts set forth in this Complaint are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this affidavit is offered for the limited purpose of establishing probable cause, I list only those facts that I believe are necessary to support such a finding. I do not purport to list every fact known to me or others as a result of this investigation.

## THE INVESTIGATION

3. On April 22, 2016, Centralia Police Department Detective (Det.) Patricia Finch received an email from Det. Jeffrey Brown with the Sandy Springs Police Department in Sandy Springs, Georgia. The correspondence was in reference to Sandy Spring City Attorney's email being hacked by an individual from Washington State. Det. Brown indicated that the hacker claimed that he was in control of the city's computers and requested that $28,000 be sent to Patrick Gordon at 3007 Borst Avenue, Centralia WA 98531.

4. Detectives Finch and Brown agreed that Det. Brown would send an invoice through certified mail to the requested address in Centralia, Washington. The plan was for Det. Finch to track the package from Washington and then confirm the identity of the individual receiving the certified letter.

5. On April 28, 2016, Det. Finch was informed by Det. Brown that the envelope had been sent to GORDON at 3007 Borst Avenue in Centralia, Washington. Based upon electronic tracking information, Det. Finch learned the package was delivered to the above address on May 2, 2016 at 5:00pm.

6. On May 3, 2016, Det. Finch contacted GORDON at his residence in Centralia, Washington. Det. Finch spoke with GORDON about the details of the Sandy Springs fraud scheme. After initially denying knowledge of the scheme, GORDON

COMPLAINT GORDON - 3
USAO# 2016R00677

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

admitted that he was involved. GORDON explained that he had been drawn into several of these schemes by a woman he knew as Kimberly McCleary.

7. Upon his disclosure of involvement in the fraud scheme, Det. Finch requested that GORDON submit to a taped interview. GORDON agreed to provide a taped statement. Furthermore, as GORDON had used his phone to communicate with Kimberly McCleary regarding the scheme, Det. Finch requested, and GORDON provided, consent to a search of text messages on his phone. GORDON told Det. Finch she could search the entire phone with the exception of reviewing his internet browsing history. GORDON signed a consent to search form which was witnessed by Det. Finch and Det. Butcher.

8. Pursuant to GORDON'S limited consent, Det. Finch returned to Centralia Police Department and began her search of the phone. During her search of the text messages on the phone, Det. Finch opened a text messaging application called "KIK." As Det. Finch began to look through the messages, she saw that GORDON was in contact with several females.

9. One of the females that GORDON was in contact with was named "Princess." At one point in the text conversation between GORDON and Princess, GORDON asked Princess her age. The response from Princess was that she is 13. GORDON then indicated to Princess that he is 15 and lives in Washington. After stating he is only 15, GORDON then requests photographs of Princess. Det. Finch reviewed the picture sent by Princess and they appear to be a young teenage girl – consistent with Princess' statement that she is 13.

10. In addition to the clothed pictures of a young teenage girl, Princess sent GORDON a text containing a video which depicts a vagina being penetrated by a finger. The age of the female cannot be determined from the video. In response to the video, GORDON texted that he wanted to "put my cock in your bum." Shortly after Det. Finch viewed these texts, photos, and video, the KIK application closed indicating that the application had been accessed remotely from another device.

COMPLAINT GORDON - 4
USAO# 2016R00677

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

11. On May 10, 2016, Det. Finch requested a search warrant for GORDON'S iPhone 5, bearing IMEI number: 013888009809099. The request for a search warrant was granted and issued by the Honorable James M.B. Buzzard, Centralia Municipal Court.

12. On May 10, 2016, Det. Finch contacted me requesting assistance with retrieving data from GORDON's cellular phone pursuant to a valid State of Washington search warrant.

13. On May 11, 2016, I met Det. Finch at the Centralia Police Department. Pursuant to the authority granted in the state warrant, I utilized a cellular forensic tool designed to retrieve all available data from the phone. I was successful in recovering a substantial amount of data that had been stored on the phone.

14. Among the information secured from the phone during my forensic recovery were a number of text messages between GORDON and a female named JV1 (whose true name is known to law enforcement). The following is a summary of text messages between JV1 and GORDON on April 3, 2016:

    a. GORDON tells JV1 that he deleted the KIK application because he did not have WIFI. JV1 then tells him, "Oh well you have a lot of nudes on there." GORDON tells her that he cannot get pictures through his phone. JV1 tells GORDON "Baby I have 3 loose teeth and they hurt." This is the first message that implies that JV1 may be under the age of 18. JV1 refers to GORDON as "bf" and tells him "I'm laying in bed wishing you were here." They discuss JV1 getting teeth pulled for braces and she tells him she wishes he was going to be there to hold her hand through it. They tell each other they love one another before saying goodnight.

    b. At 4:43pm, JV1 tells GORDON "Ya know what you try to get me to do." GORDON replies "What? Have Sex?" JV1 says "An orga**." When GORDON asks her if she had one, she replies "No" and he says "I would use my fingers and show you how." GORDON asks JV1 if they can "call and play tonight?" JV1 tells GORDON that she is grounded from her phone and if her mom catches her on it, it will be taken away for a month. JV1 tells GORDON that she is grounded because her grades are low and she will be grounded until she gets them up.

    c. At 5:09pm, JV1 tells GORDON that she is "trying to get it there again." He asks if she is referring to "Orgasm?" and she replies, "Yeah really wet right

COMPLAINT GORDON - 5
USAO# 2016R00677

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

now." GORDON instructs JV1 to "Pull the hood back on your clit ...Rub that little nubbin." He continues by telling her, "Lick your fingers and just roll your clit around ...Work that clit good for me baby ...Make that pussy drench your fingers in orgasm ...Imagine my cock inside of you just pumping in and out of your little tight wet pussy ...God I want to eat your pussy out." GORDON again asks if JV1 can find a way for them to "call and play."

   d.   At 7:50pm, GORDON contacts JV1 again and says, "I'm gonna fuck you ...We're going to have cybersex ...You tell me how you are fucking yourself while I stroke my cock ...Is your pussy wet? How long have you been rubbing your pussy? Your clit hard? Rub your clit more ...Tell me how good it feels and how you are rubbing it." She replies "Hard and fast and it feels amazing." GORDON responds by telling her, "I'm stroking my cock hard right now ... Do you want this cock sliding in and out of your pussy? JV1 responds, "Yea." Similar texts continue until GORDON then tells JV1 "I'm cumming hard ...I just came so hard." JV1 tells GORDON that her legs are tingly and her "pussy" hurts.

   e.   At 11:30pm, GORDON texts JV1, "One day I'll make love to you all night long and sleep with you in my arms the whole day." They talk about how in seven days they will have been "together" for one month. GORDON tells her, "Because you were an innocent baby that didn't know anything about an orgasm or cumming or rubbing your clit and nipples. I brought it out of you and therefore you are a naughty angel now and just admit you are my angel though."

15.   Det. Finch also observed the following message exchange that took place between GORDON and JV1 on April 6, 2016:

   a.   At 12:39am, JV1 asks GORDON, "What was that that we did over the phone." GORDON responds, "It's called phone sex." GORDON tells JV1, "It's how two people who are far apart have sex together when they can't be together in person." He continues to tell her "you are hungry for more after I just made you cum."

   b.   At 1:08am, JV1 texts GORDON, "I need you in me now...I want it now." GORDON replies "You're too young though." JV1 then pleads with him and he says, "Okay...I'll fuck your brains out...I just want your pussy on top." JV1 texts, "OK" and GORDON continues, "So you need this cock pretty bad?"

   c.   At 1:23am, JV1 tells GORDON to check his KIK application. GORDON responds that he cannot because he has no WIFI. JV1 tells GORDON that he will have a "present on there for tomorrow."

COMPLAINT GORDON - 6
USAO# 2016R00677

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

      d.     At 4:32pm, GORDON texts JV1, "Wish I was in school with you…I'd drag you into the janitor's closet and bend you over the shelf and fuck your brains out doggystyle."

      e.     At 8:38pm, GORDON tells JV1 that he was able to access KIK and thanked her for the pictures and video.

16.    Det. Finch located several pictures and a video on GORDON's phone that appear to relate to the above exchange between GORDON and JV1. Specifically, Det. Finch found two images of female breasts and two images of a vagina. The latter two pictures occur in a bathtub. These images were downloaded to GORDON'S cell phone at 8:20pm and 8:21pm on April 6, 2016. Also found on GORDON'S phone is a video created at 1:22am on April 6, 2016, which appears to be the same person from the four photographs. This video (named image_2523.mp4) shows a female penetrating her vagina with her finger. The setting is a bathtub. The time stamp on the video is consistent with the time that JV1 told GORDON she posted the video and pictures.

## VICTIM IDENTIFICATION

17.    On June 7, 2016, I met with Det. Finch at the Centralia Police Department. Det. Finch and I utilized information received from subscriber information sent by the phone carrier of JV1's phone number to locate JV1. The subscriber information showed the phone was registered in Lafayette, Indiana. A search of the subscriber's name in Facebook quickly showed what ultimately was determined to be the Facebook page of JV1's mother.

18.    Once Det. Finch and I located what we believed to be the Facebook page of JV1's mother, we compared photographs shown on this Facebook page with photos seized from GORDON's phone. One of the photos recovered from GORDON's phone, "image_2419.jpg," shows JV1 with no shirt on and her bare breasts exposed. Her face is clearly visible in the picture. Based upon comparison, Det. Finch and I concluded that

COMPLAINT GORDON - 7
USAO# 2016R00677

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

the individual depicted in this photo was the same individual depicted in several photos on the above-referenced Facebook page.

19. Upon tentative confirmation of JV1's identity, I requested assistance from the HSI field office located in Indianapolis, Indiana. SA Michael Williams and his ICAC task force agreed to locate JV1 in order to confirm identity, age, and conduct parent notification.

20. On June 15, 2016, Det. John Pirics and Det. Robert Murray of the Fishers Police Department made contact with the mother of JV1 (hereafter referred to as MJV1) at her place of employment in Lafayette, Indiana. Det. Pirics showed MJV1 the screen captures of JV1 taken from GORDON's phone. MJV1 positively identified the girl in the images as her thirteen year old daughter, JV1.

21. Det. Pirics then proceeded to the residence of JV1 where he met with JV1 and her parents. Det. Pirics asked JV1 if she remembered communicating with GORDON. JV1 said that she remembered the conversations, but did not remember the person's name. When asked if she remembered anything about him, JV1 advised that the individual that she had been texting with was from Texas – GORDON'S birthplace. Det. Pirics then stopped the interview so a child forensic interview could be scheduled at a child advocacy center. Det. Pirics took various pictures of JV1's bedroom and the bathrooms in the residence. Det. Pirics emailed me the pictures.

22. On June 24, 2016, JV1 participated in a victim interview at the child advocacy center in Lafayette, Indiana. Det. Murray facilitated and witnessed the interview. During the interview, JV1 admitted that she sent nude photographs of herself that GORDON had requested.

23. On June 24, 2016, I received a copy of JV1's birth certificate sent by her mother showing JV1 to be thirteen years of age.

24. On June 30, 2016, Det. Finch and I again reviewed video "image_2523.mp4" referenced in paragraph 16 above. Det. Finch and I compared the bathtub shown in the video with photographs taken by law enforcement of the bathrooms

COMPLAINT GORDON - 8
USAO# 2016R00677

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

in JV1's home. The characteristics of the bathtub in the video and pictures taken by Det. Pirics of one of the bathrooms in JV1's residence are consistent. Furthermore, although no face is visible in the video, the video does show that the female has two distinct small moles, located on the right breast, near the center of the breast line. Det. Finch and I then reviewed a video named "image_2403.mp4." In this video, JV1 is shown lying on a bed with her face clearly visible. She is wearing a grey shirt that is lowered enough to see the same two moles. Based upon the above comparisons, as well as the timeline referenced in Paragraph 16 above, both Det. Finch and I concluded that the individual in the sexually explicit video "image_2523.mp4" is JV1.

## CONCLUSION

25. Based on the above facts, I respectfully submit that there is probable cause to believe that PATRICK C. GORDON committed the offense Possession of Visual Depictions of Minors Engaging in Sexually Explicit Conduct in violation of Title 18, United States Code, Section 2252(a)(4) and (b)(2) as set forth in the Complaint.

GABRIEL A. STAJDUHAR
Special Agent, HSI

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant, PATRICK C. GORDON, committed the offense set forth in this Complaint.

Dated this 1st day of July, 2016.

HON. DAVID W. CHRISTEL
United States Magistrate Judge

COMPLAINT GORDON - 9
USAO# 2016R00677

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800